IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>                              Plaintiff,   )<br>                                                              )<br>v.                                                        )<br>                                                              )<br>VICTOR A. HERNANDEZ-DELGADO, )<br>                                                              )<br>                              Defendant. )<br>_____)  | CRIMINAL ACTION<br><br>No. 12-20066-44-KHV |

## **MEMORANDUM AND ORDER**

On November 26, 2013, the Court sentenced defendant to 180 months in prison based solely on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. See Judgment In A Criminal Case (Doc. #1126); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #666) filed May 28, 2013. Defendant appealed. The Tenth Circuit dismissed defendant's appeal based on his waiver of the right to appeal or collaterally attack his conviction and sentence. This matter is before the Court on defendant's Motion For Reduction Of Sentence Pursuant To Retroactive Amendment 794 (Doc. #1979) and defendant's Motion For Reduction Of Sentence Pursuant To Retroactive Amendment 782 (Doc. #1980), both filed October 14, 2016. In both motions, defendant seeks relief under 18 U.S.C. § 3582(c)(2). Because the plea agreement calls for a specific sentence and does not use or employ a guideline sentencing range, the Court dismisses defendant's motions for relief under Section 3582(c)(2).[1] United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013).

---

[1] In addition, as to defendant's motion for relief under Amendment 794, defendant cannot obtain relief because a reduced sentence is not consistent with the applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 794 provides additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2 of the Guidelines. See Amendment 794, Supp. to App. C (Nov. 1, 2015). Unless and until the Sentencing Commission specifically designates the
(continued...)

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Reduction Of Sentence Pursuant To Retroactive Amendment 794</u> (Doc. #1979) filed October 14, 2016 and defendant's <u>Motion For Reduction Of Sentence Pursuant To Retroactive Amendment 782</u> (Doc. #1980) filed October 14, 2016 are **DISMISSED.**

Dated this 25th day of October, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
amendment for retroactive application, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2). <u>See</u> 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement). While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, defendant must seek relief based on such amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255. <u>United States v. Torres-Aquino</u>, 334 F.3d 939, 941 (10th Cir. 2003). The Court lacks authority to modify a sentence under Section 3582(c)(2) based on a "clarifying" amendment to the Guidelines which the Sentencing Commission has not designated as retroactive. <u>See</u> <u>id.</u>